IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| REVENUE SCIENCE, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07CV516 |
| ) | GBL/TRJ |
| VALUECLICK, INC., et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANTS' CONDITIONAL RULE 12(e)**
**MOTION FOR A MORE DEFINITE STATEMENT**

**I.   INTRODUCTION**

In the Complaint, Revenue Science alleges infringement by all of the Defendants based on parsing of user interaction data, including by category or time. (Complaint at ¶¶ 23, 27 and 31). Revenue Science does not identify any specific products or services provided by any of the ValueClick Defendants which it alleges infringe the claims of the Revenue Science patents, nor does it identify any allegedly infringed claims of any of the three patents it asserts. Revenue Science did not notify any of the ValueClick defendants of the particulars, or, indeed, the existence of any infringement dispute before filing suit.

Without these details, it is impossible for ValueClick and its six subsidiaries to meaningfully respond to the allegations of the Complaint. It is quite simply impossible to determine what products or services of each of them, alone or in combination, are accused of infringement. Because of the shotgun nature of the allegations, and the complete lack of description of any alleged infringement, combined with an absence of any pre-suit discussion of any kind, the ValueClick Defendants cannot reasonably frame

a responsive pleading. Defendants accordingly move under Rule 12(e) of the Federal Rules of Civil Procedure for a more definite statement.

The Defendants have already filed a motion in this Court seeking a dismissal for lack of personal jurisdiction and improper venue, or transfer to the Central District of California for the convenience of the parties and the witnesses. Defendants request the Court take up this motion in the further alternative, should this Court find jurisdiction and decline to transfer the action.

## II.     FACTUAL BACKGROUND

As described in the co-pending motion to dismiss or to transfer, the patents-in-suit are U.S. Patent Nos. 6,917,972 ("the '972 Patent"), 7,035,925 ("the '925 Patent"), and 7,107, 338 ("the '338 Patent"). These patents include 194 patent claims, of which 27 are independent claims. In each case, the independent claims are directed either to a computer-implemented method for analyzing certain kinds of data, including steps of receiving the data and analyzing it in a particular way, a computer-readable medium whose contents cause a computing device to analyze certain kinds of data, including by receiving the data and analyzing it in a particular way; or a computer device / computer system for analyzing certain kinds of data, including steps of receiving the data and analyzing it in a particular way.

ValueClick, Inc., with its subsidiaries, is a comprehensive online marketing services company, offering a broad range of services, technology and products. Revenue Science has identified none of the ValueClick Defendants' products, services or technologies as infringing, or any of their features, instead relying only on the vaguest allegations made solely on information and belief. (Complaint, ¶¶10, 23, 27 and 31).

The description of the products, services and technologies offered by defendants is made in only the vaguest terms. In particular, Revenue Science states:

> 10.   On information and belief, Defendants offer a suite of products, services and technologies related to online advertising. The Defendants' combined suite of products includes display advertising, lead generation marketing, email marketing, search marketing, comparison shopping, affiliate marketing, the MOJO suite of products, and the Commission Junction suite of products. The broad range of products Defendants offer enable their advertiser customers to address multiple aspects of the marketing process, including planning, implementation, results measurement and campaign optimization.

(Complaint, ¶ 10). Nowhere in this broad description does Revenue Science identify which, if any, of this "broad range of products" are allegedly infringing, and this description is not made as part of any claim of infringement.

Following is the entirety of each of Revenue Science's three assertions of infringement:

> RSI is informed and believes and thereon alleges that Defendants have been and are infringing, literally and/or under the doctrine of equivalents, contributing to the infringement of, and/or inducing the infringement of one or more claims of the '972 Patent pursuant to 35 U.S.C. §271 by making, selling, using and/or offering for sale products, services and technology based on parsing of user interaction data by category. (Complaint, ¶23).

> RSI is informed and believes and thereon alleges that Defendants have been and are infringing, literally and/or under the doctrine of equivalents, contributing to the infringement of, and/or inducing the infringement of one or more claims of the '925 Patent pursuant to 35 U.S.C. §271 by making, selling, using and/or offering for sale products, services and technology based on parsing of user interaction data by time. (Complaint, ¶27).

> RSI is informed and believes and thereon alleges that Defendants have been and are infringing, literally and/or under the doctrine of equivalents, contributing to the infringement of, and/or inducing the infringement of one or more claims of the '338 Patent pursuant to 35 U.S.C. §271 by making, selling, using and/or offering for sale products, services and

technology based on parsing of user interaction data by, among other things, time. (Complaint, ¶31).

Each of these allegations identifies the patent, and a summary description of each patent's title, but identifies none of the products, services or technologies of seven different companies. Nowhere does Revenue Science identify the products, services or technologies which are "based on parsing of user interaction data." Nowhere does Revenue Science identify the basis for its information and belief. If Revenue Science has investigated alleged infringement, it should be able to identify the products, technologies, or services which it alleges infringe, and what claims are infringed, so that the ValueClick Defendants may respond to the allegations.

After suit was filed, counsel for the ValueClick Defendants sought such additional detail from Revenue Science, but has not (as of the time of this filing) received any substantive reply.

### III. RULE 12(e) RELIEF IS APPROPRIATE

While Rule 8 of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," Rule 12(e) works with Rule 8 in order to ensure that litigants can determine, at the pleading stage, the parties and the grounds for the dispute. *Bay Industries, Inc. v. Tru-Arx Manufacturing, LLC*, 2006 U.S. Dist. LEXIS 86757, at *2-*3 (E.D. Wis. 2006). While Revenue Science's allegations do identify the parties and the nature of the dispute, in that the Defendants and the patents-in-suit are identified, they do not identify any allegedly infringing product or limiting parameter, nor do they identify any individual patent claims from among the 194 in suit. In particular, in patent cases, Rule 12(e) relief is appropriate when the plaintiff fails to identify any allegedly infringing product or at least

4

set forth a limiting parameter. *Id*. Indeed, when a plaintiff cannot describe with some specificity the product alleged to infringe, the question arises whether the plaintiff conducted a reasonable pre-suit investigation. See, e.g., *id*., at *6.

If Revenue Science's assertion is that *all* of the Value Click Defendants' technologies infringe *all* the claims of the Revenue Science patents, then ValueClick is entitled to formal notice of such a wild position, in addition to some indication of what aspect of such products cause the alleged infringement. *eSoft, Inc. v. Astaro Corporation*, 2006 U.S. Dist. Lexis 52336, at *5 n1 (D. Colo 2006). Here, as in *eSoft*, the Defendants are entitled to an identification of which of their products are accused.

Like here, in the *Bay Industries* case, the plaintiff failed to provide any specific identification of the allegedly infringing products. *Bay Industries*, 2006 U.S. Dist. LEXIS 86757, *2. In *Bay Industries*, the plaintiff merely alleged, "On information and belief, Tru-Arx sells extruded aluminum cladding for entry door frames and garage door frames of various sizes and configurations. Certain of these products are at issue in this case (the 'Infringing Products')." *Id*. Here, Revenue Science does not even state that certain of the products, technologies and services of the defendants are at issue, leaving that inference as an exercise for the reader. In *Bay Industries*, the court granted the motion for a more definite statement, and directed the plaintiff to identify the allegedly infringing products. *Id.* at *7.

Similarly, in the *eSoft* case, the plaintiff failed to provide any indication as to which products were accused of infringement. *eSoft*, 2006 U.S. Dist. Lexis 52336, at *4-*5. Again, court granted the request for a more definite statement. *Id.,* at *6. The court reasoned, in part, that "[p]laintiff cannot foist the burden of discerning what products it

5

believes infringe the patent onto defense counsel, regardless of their skill and expertise." *Id.,* at *4. The cases in this area are consistent. *In re Papst Licensing*, 2001 U.S. Dist, LEXIS 2255, at *5 (E.D. La. 2001); *Agilent Technologies, Inc. v. Micromuse, Inc.*, 2004 U.S. Dist. LEXIS 20723, at *15-*17 (S.D.N.Y. 2004).

Revenue Science should identify the allegedly infringing products, technologies, or services, and the allegedly infringed claims, in order for the ValueClick Defendants to reasonably frame a responsive pleading.

## VI.   CONCLUSION

For the foregoing reasons, if this Court declines to dismiss this action, or transfer this case to the Central District of California, the ValueClick Defendants respectfully request that this Court order Revenue Science to provide a more definite statement, sufficient to enable the ValueClick Defendants to identify the technologies, products or services which are accused of infringing, and the claims of the Revenue Science patents which are allegedly infringed. This will permit the ValueClick Defendants to reasonably respond to the allegations of the Complaint.

Respectfully submitted,

/s/ Amy S. Owen
Amy S. Owen (VSB #27692)
aowen@cochranowen.com
Ben Selan (VSB #65923)
bselan@cochranowen.com
Cochran & Owen LLC
8000 Towers Crescent Drive
Suite 160
Vienna, VA 22182
Ph: (703) 847-4480
Fx: (703) 847-4499

Robert P. Greenspoon
rpg@fg-law.com
William W. Flachsbart
wwf@fg-law.com
Flachsbart & Greenspoon, LLC
The Monadnock Building
53 W. Jackson Blvd.
Suite 652
Chicago, IL 60604
Ph: (312) 431-3800
Fx: (312) 431-3810

Counsel for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by electronic transmission and/or first class mail, postage prepaid, this 3${}^{rd}$ day of July, 2007, upon:

Caitlin Lhommedieu (VSB #47796)
clhommedieu@mcguirewoods.com
McGuireWoods LLP
1750 Tysons Boulevard
Suite 1800
McLean, VA 22102
Ph: (703) 712-5489
Fx: (703) 712-5281


Robert M. Tyler (VSB #37861)
rtyler@mcguirewoods.com
David E. Finkelson (VSB #44059)
dfinkelson@mcguirewoods.com
McGuireWoods LLP
One James Center
901 East Cary Street
Richmond, VA 23219
Ph: (804) 775-1000
Fx: (804) 775-1061


Robert T. Haslam
Heller Ehrman LLP
275 Middlefield Road
Menlo Park, CA 94025
Ph: (650) 324-7000
Fx: (650) 324-0638

Counsel for Plaintiff


　　　　　　　　　　　　　/s/  Amy S. Owen  　　　　　　
　　　　　　　　　　　Amy S. Owen